**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-5039

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

BOBBY GENE MOORE,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:07-cr-00170-JAB)

Submitted:  March 31, 2008          Decided:  April 14, 2008

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Paul Alexander Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Gene Moore pled guilty, pursuant to a plea agreement, to bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). The district court sentenced Moore to seventy-seven months' incarceration, to be followed by three years of supervised release. Moore timely appealed.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for review, but questioning whether the presentence report was calculated correctly and whether the sentence was reasonable. Moore separately argues that he agreed to a sentence of thirty-seven to forty-six months, not seventy-seven to eighty-four months; the sentence was unreasonable because he had never before been convicted of a violent crime; he did not possess a firearm during the commission of the bank robbery; and the presentence report added "unfair" misdemeanor points. The government declined to file a responding brief. We affirm.

To the extent Moore claims his guilty plea was involuntary and the district court erred in accepting it, any error committed during the Rule 11 hearing is reviewed for plain error because Moore did not move to withdraw his guilty plea. See United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). A defendant's statements at a guilty plea hearing are presumed true. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Unsupported

subsequent allegations are insufficient to overcome representations at the hearing. Id. at 74; see also Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981) (holding statements made at plea hearing that facially demonstrate plea's validity conclusive absent compelling reason why they should not be, such as ineffective assistance of counsel). Under the totality of the circumstances and in light of Moore's testimony at his plea hearing, the district court did not abuse its discretion by accepting Moore's guilty plea.

To any extent Moore claims ineffective assistance of counsel, such claims must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000) unless such ineffective assistance conclusively appears from the face of the record. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Because ineffective assistance of counsel does not appear conclusively from the face of the record, Moore must pursue any ineffective assistance claims through a § 2255 motion.

Regarding Moore's sentence, the district court appropriately treated the Guidelines as advisory, considered the advisory Guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2000) factors. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). A sentence that falls within a properly calculated advisory Guidelines range is presumed to be reasonable. Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

Appellate courts review all sentences, including those outside the advisory Guidelines range, for abuse of discretion. <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007).

Our review of the record reveals that the Guidelines range was properly calculated. Moore's seventy-seven month sentence was at the low end of the Guidelines range and well below the statutory maximum sentence. The district court considered the Guidelines as well as both parties' arguments regarding Moore's criminal history, his age, and the nature of his crime. We conclude the district court did not abuse its discretion in imposing the seventy-seven month sentence.

Finally, although Moore complains on appeal that he did not agree to the higher sentencing range, the plea agreement provided only that if Moore's base offense level was sixteen or higher and he qualified for a two-point decrease in his offense level under the sentencing Guidelines, the Government would recommend that the district court apply an additional one-level reduction. The plea agreement also noted Moore's sentence would be within the discretion of the district court, which would take the Guidelines into consideration. Therefore, the plea agreement referenced the Guidelines generally but did not attempt to bind the parties to a specific sentencing range.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We

therefore affirm Moore's conviction and sentence. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED